IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

W.O. GRUBB STEEL ERECTION, INC.,    )
      Plaintiff,    )
          )
      v.    )    Civil Action No. 3:24CV313 (RCY)
          )
COASTAL DREDGING, LLC,    )
      Defendant.    )
_____)

## MEMORANDUM OPINION

This is a negligence action originally brought by Plaintiff W.O. Grubb Steel Erection, Inc.

("W.O. Grubb") against Defendant Coastal Dredging, LLC ("Coastal"). Coastal has now brought

a counterclaim against W.O. Grubb, and the matter is before the Court on W.O. Grubb's Motion

to Dismiss the Counterclaim. The Motion has been fully briefed, and the Court dispenses with

oral argument because the facts and legal contentions are adequately presented in the materials

before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ.

R. 7(J). For the reasons stated below, the Court will deny W.O. Grubb's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In this action, W.O. Grubb alleges that Coastal engaged W.O. Grubb to provide a

construction crane and operator for a dredging project in Wilmington, North Carolina. Compl.

¶¶ 8–9, ECF No. 1-2 at 2–6.[2] W.O. Grubb alleges that, upon arriving at the job site, Coastal's

agent signed a "crane ticket," an electronic agreement prepared by W.O. Grubb containing

"information about the job, the crane that is being rented, and the customer renting the crane."

---

[1] The Court has previously set out a more detailed recitation of the factual background of the dispute between the parties in its earlier Memorandum Opinion denying Defendant's Motion to Dismiss, ECF No. 13. Because those facts are not essential to resolving the present motion, the Court dispenses with reciting them in full yet again here.

[2] Because this matter was removed from state court, the Complaint and its attachments were uploaded to the electronic record as a single file, ECF No. 1-2. For ease of identification, the Court provides pin-cites to the portion of ECF No. 1-2 where the relevant exhibit may be found.

*Id.* ¶ 5–8.  W.O. Grubb alleges that the crane ticket had the force of contract.  *Id.*  Relevant here, the crane ticket contract produced by W.O. Grubb assigned all responsibility for property damage and injury to Coastal, waiving W.O. Grubb's liability.  Compl. Ex. C at 15–16, ECF No. 1-2 at 12–69.  Finally, W.O. Grubb alleges that Coastal was negligent in rigging W.O. Grubb's crane to the dredge, which caused significant damage to W.O. Grubb's crane.  Compl. ¶ 15.

On May 7, 2024, Coastal filed a Motion to Dismiss the Complaint, asserting that neither it nor its agent had any knowledge of the substance of the crane ticket and therefore could not be constrained by its terms.  *See generally* Mem. Supp. Mot. Dismiss, ECF No. 4.  The Court denied the Motion to Dismiss, finding that W.O. Grubb had adequately alleged the existence of a contract between the parties by way of the crane ticket.  *See generally* Mem. Op., ECF No. 13.

On March 31, 2025, Coastal filed its Answer as well as a Counterclaim against W.O. Grubb.  Coastal's Answer, Affirmative Defenses, & Countercl. ("Answer" & "Countercl."),[3] ECF No. 17.  Therein, Coastal denies the existence of a contractual relationship between the parties, Answer ¶¶ 6–7, and alleges that W.O. Grubb acted negligently itself, causing damage to Coastal's dredge, Countercl. ¶¶ 20–25.

On April 21, 2025, W.O. Grubb filed the instant Motion to Dismiss Coastal Dredging, LLC's Counterclaim ("Motion to Dismiss the Counterclaim"), ECF No. 18.  On May 5, 2025, Coastal filed its Opposition to the Motion to Dismiss Coastal's Counterclaim ("Opposition"), ECF No. 20.  On May 12, 2025, W.O. Grubb filed its Reply in Support of its Motion to Dismiss Coastal Dredging, LLC's Counterclaim ("Reply"), ECF No. 22.

---

[3] Docket filing ECF No. 17 is separated into two, discrete, legally operative sections: Coastal's Answer, from pages 1–6, and Coastal's Counterclaim, from pages 6–10.  Both sections are comprised of enumerated paragraphs. For ease of reference, the Court will cite to the Answer and Counterclaim as distinct documents with an accompanying pin cite to the relevant paragraph.

## II. LEGAL STANDARD

The Rule 12(b)(6) standard governing counterclaims is identical to that which governs complaints. *See, e.g.*, *Fisher v. Va. Elec. & Power Co.*, 258 F. Supp. 2d 445, 447 (E.D. Va. 2003). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a [pleading]; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a counterclaim set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a counterclaim's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The counterclaimant's well-pleaded allegations are assumed to be true, and the counterclaim is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

## III. ANALYSIS

In support of its Motion to Dismiss, W.O. Grubb argues that Coastal's Counterclaim fails to articulate a claim because, by signing the crane ticket contract, Coastal agreed to bear all responsibility for damages, waiving W.O. Grubb's liability entirely. Mem. Supp. Mot. Dismiss Coastal's Countercl. ("Pl. Mem. Supp.") 5–7, ECF No. 19. In response, Coastal argues that W.O. Grubb cannot rely on the provisions of the crane ticket, since Coastal neither references nor relies upon the crane ticket in its Counterclaim. Opp'n 4–5, ECF No. 20. The Court agrees with Coastal that the terms of the contract cannot be considered by the Court in the context of a Motion to

Dismiss.  Because W.O. Grubb's arguments for dismissal wholly rely on those terms,[4] the Court will deny its Motion.

In determining whether a counterclaim adequately articulates a claim for relief, the Court is generally constrained to those facts alleged on the face of the counterclaim.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  The Court may consider, however, limited materials outside the counterclaim, namely: "documents incorporated into the [pleading] by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Nevertheless, those external materials are not properly considered where the counterclaimant disputes their authenticity or accuracy.  *E.g.*, *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

The Court may not consider the crane ticket contract in its disposition of the instant Motion because Coastal clearly objects to its accuracy.  The crane ticket contract is in the record before the Court several times over, each time as an attachment to a filing by W.O. Grubb.  Compl. Ex. C at 15–16, ECF No. 1-2 at 12–69; Aff. Seth D. Thomas 9–10, ECF No. 8-1; Aff. Justin Pitts 11, ECF No. 8-2.  However, throughout its preliminary litigation of this matter, Coastal has been careful to maintain its position that it does not concede the accuracy of the crane ticket as provided by W.O. Grubb, since, allegedly, neither Coastal nor its officer were aware of the crane ticket's terms.  *E.g.*, Mem. Supp. Mot. Dismiss 3, ECF No. 4 ("Coastal never signed, agreed to, negotiated, drafted, seen[,] had a meeting of the minds, discussed, reviewed, or otherwise had any notice of the . . . Terms and Conditions."); Aff. Johnathan Yopp ¶ 7, ECF No. 9-2; Answer ¶¶ 6–7, ECF No. 17; Opp'n 4 n.1 (articulating Coastal's position "that there was no written contract between the

---

[4] Specifically, W.O. Grubb argues that: (1) the crane ticket contract "allocated risks and assigned responsibilities" between the parties, such that the Economic Loss rule precludes Coastal's Counterclaim, Pl. Mem. Supp. 3–7, ECF No. 19; and (2) the crane ticket contract waives W.O. Grubb's liability for Coastal's claim for damages, *id.* at 7–9.

parties"). As such, the authenticity and accuracy of the crane ticket contract as provided by Plaintiff is clearly at issue, and the Court may not rely on its terms in considering the instant Motion.[5] *Phillips*, 190 F.3d at 618. Because W.O. Grubb's Motion to Dismiss wholly relies on those terms, its arguments are, at this juncture, unavailing. Thus, the Court will deny the Motion to Dismiss.

## IV. CONCLUSION

For the reasons detailed above, W.O. Grubb's Motion to Dismiss the Counterclaim will be denied. An appropriate Order shall issue.

/s/ _____

Roderick C. Young
United States District Judge

Date: June 12, 2025
Richmond, Virginia

---

[5] W.O. Grubb makes a strained argument that Coastal's Counterclaim incorporates the crane ticket contract by reference since Coastal alleges that "Coastal *engaged* [W.O.] Grubb for the provision of crane services." Pl.'s Mem. Supp. 2 n.1, ECF No. 19 (emphasis in original) (quoting Countercl. ¶ 3); Reply 1–4, ECF No. 22. It is plain to the Court that such a reading of "engaged" is not an honest reading of Coastal's allegations, and, at any rate, cannot amount to Coastal's confirmation of the accuracy of the *particular terms* of the crane ticket contract, as would be required to consider the merits of W.O. Grubb's Motion. As such, the Court finds W.O. Grubb's arguments unavailing.